# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIA HAMILTON JONES,

        Appellant,

        v.

DEPARTMENT OF AGRICULTURE,

        Agency.

DOCKET NUMBER
AT-0752-20-0570-I-2

DATE: January 25. 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Julia Hamilton Jones</u>, Spartanburg, South Carolina, pro se.

<u>Gretchen M. McMullen</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which sustained her removal for medical inability to perform and excessive absenteeism. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        At all times relevant to this appeal, beginning on October 6, 2016, the appellant served as a GS-7 Food Inspector - Slaughter. *Jones v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0570-I-1, Initial Appeal File (IAF), Tab 3 at 17-20, 77. Shortly thereafter, the appellant elected to file an Office of Workers' Compensation Programs claim pursuant to which she was awarded wage replacement and health care benefits, and thus she was consistently absent from work beginning in March 2017. IAF, Tab 7 at 40-44, Tab 17 at 29. On October 24, 2018, the appellant's doctor submitted a Department of Labor Work Capacity Evaluation, certifying that she was permanently disabled due to her cervical spine condition, and stating that she was unable to work any hours at all in her current job or in any other job. IAF, Tab 24 at 152. Therefore, on October 7, 2019, the Acting Branch Chief, Labor and Employee Relations Division, issued a letter of decision removing the appellant based on two charges of medical inability to perform and excessive absenteeism, effective the date of receipt. IAF, Tab 3 at 17-20.

¶3        The appellant amended an existing equal employment opportunity (EEO) complaint alleging that her removal was due to disability discrimination (failure to reasonably accommodate) and in retaliation for prior EEO activity beginning in 2016. IAF, Tab 30 at 85-87. After the agency issued a final agency decision finding no support for either of her claims, the appellant timely filed her Board appeal. IAF, Tab 23 at 17-34; IAF, Tab 1. The administrative judge issued an initial decision affirming the appellant's removal, sustaining the agency's charges and rejecting the appellant's affirmative defenses, including her defenses of disability discrimination and retaliation based on prior EEO activity and filing a

previous Board appeal in 2016.[2] *Jones v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0570-I-2, Appeal File, Tab 16, Initial Decision (I-2 ID) at 7-12.

¶4    The appellant has filed a petition for review, challenging, in part, the administrative judge's finding that she was not subjected to unlawful retaliation.[3] Petition for Review (PFR) File, Tab 1 at 13-14.  The agency has responded in opposition to the appellant's petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    We agree with the administrative judge's findings sustaining the agency's charges, especially in light of the fact that the appellant's medical provider certified that she was permanently disabled and unable to work any job as of October 24, 2018, and she had been continuously absent from duty for

---

[2] The administrative judge also rejected the appellant's claim that the agency retaliated against her for filing a disability retirement application with the Office of Personnel Management.  *Jones v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0570-I-2, Appeal File, Tab 16, Initial Decision at 12.  To the extent that the appellant disputes this finding on review, she has cited to no legal authority that stands for the proposition that filing a disability retirement application constitutes protected activity under EEO statutes, and we are unaware of any such authority.

[3] With her petition for review, the appellant has submitted a brief statement from a physician dated August 10, 2021, indicating that she is clear to work but cannot lift over 10 pounds.  Petition for Review File, Tab 1 at 34.  To the extent the appellant suggests that this statement establishes that she is recovered and thus the agency action must fail, the Board has held that when an appellant recovers from the medical condition that resulted in her removal before the administrative judge has issued an initial decision in her removal appeal, the removal action does not promote the efficiency of the service.  *See Morgan v U.S. Postal Service*, 48 M.S.P.R. 607, 613 (1991) ("Thus, when it is apparent that the appellant's inability to perform is temporary in nature and, in fact, that the appellant has recovered even before the Board can render an initial decision in an appeal, the Board correctly and properly refuses to hold that the agency's removal action is for the efficiency of the service.").  Here, the agency removed the appellant in 2019 and the administrative judge issued the initial decision in July 2021.  Thus, the appellant's new medical evidence is from after the initial decision and is not material.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

approximately 2½ years. I-2 ID at 7-9. Nevertheless, we must remand this matter to the regional office for further adjudication because the appellant was not provided with proper notice regarding her claim of whistleblower reprisal.

¶6     The appellant asserted that the agency removed her in retaliation for filing a Board appeal in 2016 challenging her probationary termination.[4] PFR File, Tab 1 at 13-14; IAF, Tab 1 at 6; I-2 ID at 12. In the initial decision, the administrative judge rejected the appellant's retaliation claims because she failed to present evidence that any agency official acted with actual animus or that any other employee with similar medical absences, but with no prior complaints, was treated differently or more favorably, and the agency's evidence powerfully rebutted her argument that her removal was illegitimate and retaliatory. I-2 ID at 12. However, in her prior Board appeal, *Jones v. Department of Agriculture*, MSPB Docket No. DE-0752-16-0475-I-1, IAF, Tab 12 at 54, the appellant alleged whistleblower reprisal. Accordingly, a basis of the appellant's retaliation claim here, i.e., the 2016 Board appeal, is ostensibly covered by 5 U.S.C. § 2302(b)(9)(A)(i), which refers to retaliation for the exercise of any appeal, complaint, or grievance right with regard to remedying a claim of whistleblower reprisal. Thus, this affirmative defense should have been analyzed under the whistleblower protection framework set forth in 5 U.S.C. § 1221(e). *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015).

¶7     Under some circumstances, the Board might be able to adjudicate a whistleblower claim such as this without remand. Here, however, because the administrative judge never informed the appellant of her burden and elements of

---

[4] The appellant previously worked as GS-5 Food Inspector in a different plant. She was terminated from that position for misconduct, ostensibly during probation, effective September 15, 2016. It was determined during adjudication of the appellant's appeal that she had, in fact, completed her probationary period, prompting the parties to settle the appeal which was dismissed on that basis. *Jones v. Department of Agriculture*, MSPB Docket No. DE-0752-16-0475-I-1 (Initial Decision, Dec. 9, 2016). As a result, the appellant was reassigned to the position in which she served at the time of the action under review.

proof for establishing a claim of whistleblower reprisal, we must remand the appeal so that the appellant might receive such notice. *Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 18 (2010); *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that the appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶8        Additionally, at the time the initial decision was issued, the administrative judge did not have the benefit of the Board's decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-46, which holds that requesting a reasonable accommodation and complaining of disability discrimination are activities protected by the American with Disabilities Act Amendment Act (ADAAA),[5] not Title VII, and thus, the more stringent "but-for" standard applies. Accordingly, on remand the administrative judge should apply *Pridgen* and determine whether the appellant established that her prior EEO activity, i.e., her complaints of disability discrimination and requests for reasonable accommodation, was the "but-for" cause of her removal.[6]  The administrative judge should then issue a new initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes his conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

---

[5] The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen*, 2022 MSPB 31, ¶ 35.  The standards under the Americans with Disabilities Act, as amended by the ADAAA, have been incorporated by reference into the Rehabilitation Act and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id*.; *see* 29 U.S.C. § 791(f).

[6] Regarding the appellant's failure to reasonably accommodate claim, the administrative judge should also consider whether the appellant is a qualified individual with a disability under the ADAAA, and whether the agency was obligated to reasonably accommodate her.  42 U.S.C. § 12111(8); 42 U.S.C. § 12112(b)(5); *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 29.

**ORDER**

¶9      For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                 /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.